UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHSHALOM B.J. GRAY,<br><br>Plaintiff,<br><br>v.<br><br>L.A. COUNTY SHERIFF DEPT., et al.,<br><br>Defendants. | Case No. 2:23-cv-01424-JLS-SHK<br><br>**ORDER DISMISSING CASE** |

## I.   BACKGROUND

On February 8, 2023, Plaintiff Yahshalom B.J. Gray ("Plaintiff") constructively filed[1] a civil rights complaint ("Complaint") under 42 U.S.C. § 1983 ("§ 1983") against the Los Angeles County Sherriff's Department ("LACSD") and individuals Jonathan Hill, J. Harris, J. Tobias., F. Meier, Butao, Bautista, Castillo, Clark, Carrillo, and Calderon in their individual and official capacities (collectively, "Individual Defendants" and together with LACSD, "Defendants"). Electronic Case Filing Number ("ECF No.") 1, Compl.  Plaintiff filed two amended complaints that were both dismissed with leave to amend, and, on

---

[1] Under the "mailbox rule," when a pro se prisoner or detainee gives prison or jail authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Douglas v. Noelle, 567 F.3d 1103, 1108 (9th Cir. 2009).

September 4, 2024, Plaintiff constructively filed the operative TAC, in which Plaintiff alleged that Defendants violated his First, Fourth, and Fourteenth Amendment rights. ECF No. 30, TAC, at 17-25.

On November 1, 2024, the assigned Magistrate Judge issued a Report and Recommendation ("R&R") that Plaintiff's "official capacity claims and the Fourteenth Amendment claims in Plaintiff's TAC" be dismissed with prejudice. ECF No. 31, R&R at 12. On January 14, 2025, the District Judge accepted the findings and recommendations in the R&R ("Order Accepting") and dismissed Plaintiff's official capacity and Fourteenth Amendment claims from the TAC. ECF No. 33, Order Accepting at 1.

On January 29, 2025, the Court issued an Order Regarding Service of the TAC ("Service Order"), authorizing Plaintiff to serve the TAC, R&R, and Order Accepting, utilizing the United States Marshals Service ("USMS"), on the Individual Defendants in their individual capacities. ECF No. 34, Service Order at 1. Plaintiff was ordered to file a "Notice of Submission" with the Clerk of Court by February 21, 2025, "indicating that the completed USM-285 form(s) have been provided to the Clerk of the Court." Id. at 2. Plaintiff was warned that "[i]f Plaintiff does not submit the completed USM-285 forms and file the Notice of Submission by **February 21, 2025, this action will be subject to dismissal** without prejudice for Plaintiff's failure to comply with the Court's order and/or Plaintiff's failure to prosecute." Id. (emphasis in original).

Plaintiff failed to timely file a Notice of Submission with the Clerk of Court as ordered. Therefore, on March 6, 2025, the Magistrate Judge issued an Order to Show Cause ("OSC"), requiring Plaintiff to respond within fourteen days of the OSC issuing, March 20, 2025, "why the Court should not dismiss his claims against Defendants for failure to serve and/or failure to prosecute." ECF No. 35, OSC at 1. Plaintiff was advised that "[i]f Plaintiff wishes to proceed with this lawsuit against these Defendants," Plaintiff must: "(1) complete the USM-285

forms, . . . and file the completed forms with the Clerk of Court along with a Notice of Submission," or "(2) show cause in writing why this action should not be dismissed for failure to serve and/or failure to prosecute." Id.  Plaintiff was warned that "**the Court will deem his failure to timely file a response to th[e OSC] as consent to the dismissal of this action in its entirety without prejudice.**" Id. at 2 (emphasis in original).

As of the date of this Order, Plaintiff has failed to: (1) show cause why this case should not be dismissed; (2) file a Notice of Submission with the Clerk of Court; or (3) otherwise participate in this litigation.

## II. DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting

Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus.  Hernandez, 138 F.3d at 399.

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  Despite numerous warnings, Plaintiff has failed to respond to multiple Court orders and has failed to file the completed USM-285 forms and Notice of Submission to the Clerk of Court.  This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendants—also weighs in favor of dismissal.  A rebuttable presumption of prejudice to a defendant arises when plaintiffs unreasonably delay prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted).  Here, Plaintiff has not offered any excuse for his failure to comply with the Court's orders and respond in a timely manner and this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) repeatedly warned of the consequences of failure to do so.  Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation.  Despite attempts by the Court to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents or otherwise prosecuting this action.  The Court is not aware of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.").

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has repeatedly defied Court orders, the Court **DISMISSES** this case, without prejudice.

### III.   ORDER

Based on the foregoing, IT IS ORDERED THAT Judgment be entered **DISMISSING** this case, without prejudice.

DATED:  March 28, 2025

HONORABLE JOSEPHINE L. STATON
United States District Judge

Presented by:

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

5